```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT
                                      :
UNITED STATES OF AMERICA              :
                                      :
     v.                               :    No. 2:04-CR-135
                                      :
DAVID S. CHASE, MD,                   :
     Defendant.                       :
                                      :
```

## MEMORANDUM AND ORDER

The Defendant, David S. Chase, MD, moves for a mistrial, or in the alternative, sanctions, based on alleged misconduct and improper questioning by the government. For the reasons below, the motion is DENIED.

## I. BACKGROUND

Dr. Chase bases his motion on various actions of the government which, he asserts, were undertaken in order to harass and intimidate defense expert witnesses. He also objects to a specific line of questioning undertaken by the government during the cross-examination of defense expert witness John Hunkeler, MD.

### A. The government's attempts to obtain information relating to defense witnesses

Prior to Dr. Chase's indictment in this case, the government served a subpoena on Dr. Arthur Ginsburg seeking his testimony before the grand jury regarding the work he had done for Dr. Chase's defense. The Court permitted the subpoena to go forward,

but it imposed limits on the questioning of Dr. Ginsburg to ensure that Dr. Chase's attorney-client and work product privileges would not be infringed.

Before the beginning of trial, the government requested additional disclosure of the basis of the proposed testimony of the defense expert witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C). The Court granted the request in part, but it declined to order some of the requested disclosure.

During trial, the government served subpoenas on certain defense witnesses seeking patient records and other information. The Court granted Dr. Chase's motion to quash the subpoenas, holding that they were an improper attempt to circumvent the discovery rules and that compliance would be unreasonable and oppressive.

Also during trial, Dr. Chase became aware that the government had obtained Medicare records pertaining to various defense witnesses' treatment of patients. Dr. Chase filed a motion to prohibit the government from introducing or relying on these records, arguing that they had been improperly obtained and that their use would harass and intimidate the witnesses. The Court informed that parties that it would take the motion under advisement, and it orally directed the government to refrain from relying on the records until it reached a decision on the motion. In an order issued today, the Court denied Dr. Chase's motion and

held that the government had not acted improperly in obtaining the billing records.

**B. The examination of Dr. Hunkeler**

During its cross-examination of Dr. Hunkeler, the government elicited testimony regarding a case in which he had been sued for malpractice. See Trial Tr. at 28-30, Ex. to Mot. for Mistrial (Doc. 137). Dr. Hunkeler testified that the case, Cook v. Novamed, involved a patient whom he had permitted an optometrist to examine between her first and second cataract surgeries, without conducting the examination himself. The government asked whether the patient's vision had been 20/20 before surgery and whether that was the reason that Medicare had denied reimbursement. Dr. Hunkeler replied that the patient's vision had been 20/20 or 20/25 before surgery, but that the reason for the denial was that he had failed to examine the patient between surgeries. The defense objected to this line of questioning, and a bench conference was conducted. During the conference, defense counsel expressed concern that the government had improperly relied upon Dr. Hunkeler's Medicare records, and the government responded that its questions regarding the case had been based on a deposition in Cook, which was a matter of public record.

**II. DISCUSSION**

Dr. Chase argues that a mistrial is warranted for three reasons.  First, he argues, the government has engaged in harassment and intimidation of defense witnesses, thereby denying Dr. Chase's Sixth Amendment right to put on witnesses in his defense.  Second, he argues, the government elicited irrelevant and misleading testimony from Dr. Hunkeler.  Finally, he argues, the government violated a court order by relying on Medicare records during its examination of Dr. Hunkeler.

**A. Whether the government has engaged in harassment and intimidation of witnesses**

Dr. Chase first argues that the government has engaged in a pattern of harassment of defense witnesses.  He cites the government's subpoena of Dr. Ginsburg, its broad pretrial requests for expert disclosure, its unsuccessful subpoenas served on defense witnesses, and its attempts to obtain and use witnesses' Medicare billing records.  This behavior, Dr. Chase argues, represents a concerted effort to intimidate his witnesses and deter them from testifying in his defense.

The Sixth Amendment and the Due Process Clause afford a criminal defendant "the right to present his own witnesses to establish a defense."  Taylor v. Illinois, 484 U.S. 400, 409 (1988).  "[J]udicial or prosecutorial intimidation that dissuades a potential defense witness from testifying for the defense can, under certain circumstances, violate" this right.  United States

v. Williams, 205 F.3d 23, 29 (2d Cir. 2000).  However, the right to present witnesses is "not unqualified."  Id.  To establish a violation, a defendant

> must generally show that he was deprived of material and exculpatory evidence that could not be reasonably obtained by other means.  In addition, we have held that a defendant pressing such a claim must show bad faith on the part of the government.  Finally, in order to elevate this misconduct to a due process violation, the defendant "must demonstrate that the absence of fundamental fairness infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial."

Id. at 29-30 (citing Buie v. Sullivan, 923 F.2d 10, 11-12 (2d Cir. 1990).

    Dr. Chase has not met the requisite standards.  While he contends that the government's actions have the potential to deter expert witnesses from testifying on his behalf, he provides no evidence that any witness has actually been dissuaded from testifying, or that he has been deprived of material and exculpatory evidence in any other way.  While the Court shares, to a certain extent, Dr. Chase's concern that witnesses may be reluctant to undergo questioning that could lead to criminal investigations or charges, the Court notes that any witness is free to invoke his or her right against self-incrimination by refusing to answer certain questions.

    In addition, Dr. Chase has not made a sufficient showing that the government has acted in bad faith.  To be sure, the government has mounted a vigorous effort to obtain potential

impeachment evidence and other information to assist its cross-examination of the defense witnesses.  In some cases, the government's requests have complied fully with the applicable rules, and the Court has granted those requests.  In other cases, such as the matter of the subpoenas served on defense witnesses, the government has overreached, and the Court has denied or limited those requests for information that have gone too far.  In making these denials, however, the Court has reached no conclusion that the government acted in bad faith, and nothing in the record supports such a finding at this juncture.

Finally, Dr. Chase has not established that there has been an absence of fundamental fairness thus far in his trial.  As noted above, the Court has taken action where necessary to ensure that disclosure of information and introduction of evidence is permitted only in compliance with the law, thereby safeguarding Dr. Chase's right to a fair trial.

For these reasons, Dr. Chase is not entitled to a mistrial or sanctions based on the government's purported harassment or intimidation of witnesses.

**B. Whether the government engaged in improper questioning of Dr. Hunkeler**

Dr. Chase argues that the government's cross-examination of Dr. Hunkeler was improper for two reasons.  First, he contends, the questioning regarding the malpractice suit was not proper impeachment because it was irrelevant to Dr. Hunkeler's

truthfulness.  Second, he argues, the government misled the jury by asserting to Dr. Hunkeler that his claim for reimbursement in that case had been denied because cataract surgery was not medically necessary on a patient with 20/20 vision.

Fed. R. Evid. 608(b) provides that specific instances of a witness's conduct may be inquired into on cross-examination "if probative of truthfulness or untruthfulness."  Dr. Chase argues that the existence of the malpractice suit was not probative of Dr. Hunkeler's truthfulness.

The Court disagrees.  Dr. Hunkeler testified that cataract surgery can, in many cases, be appropriate for patients with 20/20 vision.  The government was free to take the position that the truthfulness of this statement would be cast in doubt by evidence that Dr. Hunkeler had been sued for surgery that he performed on a patient with 20/20 vision and that Medicare had denied reimbursement in that case.  Although Dr. Hunkeler's subsequent testimony suggested that there were other grounds for the suit and the denial of reimbursement, it was not unreasonable for the government to at least raise the question whether the patient's 20/20 vision might have played a role as well. Accordingly, the government's questions about the malpractice suit fell within the scope of proper impeachment.

Fed. R. Evid. 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by

the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]"  Dr. Chase argues that the government's questions may have misled the jury into thinking that the malpractice suit and Medicare's denial of coverage were based on the fact that surgery was unnecessary due to the patient's 20/20 vision.

In response to the government's questioning, however, Dr. Hunkeler made clear that the denial had been based not on a lack of medical necessity, but rather on the fact that he had failed to examine the patient.  Trial Tr. at 29-30.  Moreover, to the extent that the jury may nonetheless have obtained a mistaken impression, defense counsel would have a sufficient opportunity to dispel any such impression during the redirect examination of Dr. Hunkeler.  For these reasons, the government's questions did not result in undue prejudice to Dr. Chase, and a mistrial is not appropriate.

## C. Whether the government violated the Court's order to refrain from relying on Medicare records

Dr. Chase argues that in questioning Dr. Hunkeler about the denial of his claim for Medicare reimbursement, the government relied on Medicare records that it had obtained, thereby violating the Court's order to refrain from using such records until the Court could decide the pending defense motion.

The government denies that it relied on the Medicare records, however, stating that it did not even have the relevant

8

files in its possession during its cross-examination of Dr. Hunkeler.  It states that its questioning regarding the malpractice suit was based on a deposition in the Cook case.  See Tr. of Dep. of John Hunkeler, MD, Ex. B to Opp. to Mot. for Mistrial (Doc. 143).

The deposition transcript shows that Dr. Hunkeler acknowledged that the patient's vision in her left eye was 20/20.  Id. at 46.  Later in the deposition, Dr. Hunkeler was asked whether he was aware that Medicare had denied coverage for the surgery at issue in Cook.  Id. at 104.  In addition, he was asked whether he was aware that Medicare had determined that the surgery was not medically necessary.  Id.  Although the transcript does not contain a specific reference to the patient's 20/20 vision being the reason for Medicare's denial, the Court agrees with the government that this was not an unreasonable inference for the government to make.

Accordingly, because the deposition transcript provides an independent basis for the government's questions during its cross-examination of Dr. Hunkeler, the Court accepts the government's representation that it did not rely on the Medicare records.  Furthermore, the Court has ruled today that the government did not act improperly in obtaining the Medicare records, and that it may use those records in its cross-examination of the defense witnesses.  For this reason, even if

the government had reviewed the records in preparation for the cross-examination, any prejudice to Dr. Chase would have been minimal.  In any event, a mistrial is not warranted.

## CONCLUSION

For the foregoing reasons, Dr. Chase's motion for a mistrial or, in the alternative, sanctions, is DENIED.

Dated at Burlington, Vermont this 30th day of November, 2005.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge

10