```
                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF VERMONT
                                    :
UNITED STATES OF AMERICA            :
                                    :
     v.                             :     No. 2:04-CR-135
                                    :
DAVID S. CHASE, MD,                 :
     Defendant.                     :
                                    :
```

## MEMORANDUM AND ORDER

The Defendant, David S. Chase, MD, moves to prohibit the government from using certain Medicare billing records on the ground that they were improperly obtained.  For the reasons below, the motion is DENIED.

## INTRODUCTION

The government has obtained the Medicare billing records of various defense expert witnesses ("the records").  It states that it received the records from agents of the Department of Health and Human Services by submitting a "Request for Information or Assistance" form through the Office of the Inspector General ("OIG").  Dr. Chase argues that government lacks authority to obtain the records.  Accordingly, he argues, it should be prohibited from relying on them during cross-examination of defense witnesses or for any other purpose.

**DISCUSSION**

The government's request for the records was issued pursuant to 5 U.S.C. app. § 6.  This statute grants the OIG broad authority, inter alia,

> (1) to have access to all records, reports, audits, reviews, documents, papers, recommendations, or other material available to the applicable establishment which relate to programs and operations with respect to which that Inspector General has responsibilities under this Act; [and] . . .
>
> (3) to request such information or assistance as may be necessary for carrying out the duties and responsibilities provided by this Act form any Federal, State, or local governmental agency or unit thereof[.]

5 U.S.C. app. § 6(a).

Additional authority is granted by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), which authorizes the OIG to "[e]nsur[e] access to documentation" when "necessary with respect to the activities under the fraud and abuse control program[.]" 42 U.S.C. § 1320a-7c(a)(4).  The HIPAA privacy regulations authorize disclosure of otherwise protected information without requiring authorization from the patient or an opportunity for the patient to object.  In particular, disclosure is authorized

> to a health oversight agency for oversight activities authorized by law, including audits; civil, administrative, or criminal investigations; inspections; licensure or disciplinary actions; civil, administrative, or criminal proceedings or actions; or other activities necessary for appropriate oversight of . . . [t]he health care system[.]

45 C.F.R. § 164.512(d)(1).  A "health oversight agency" includes any agency "authorized by law to oversee the health care system[.]"  45 C.F.R. § 164.501(6)(v).  This definition includes OIG as well as the Department of Justice.  65 Fed. Reg. 82,462, 82,492.

These grants of authority are sufficiently broad to permit the government to obtain the records in this case.  Dr. Chase argues that because the defense witnesses are not themselves accused of committing fraud or abuse, their records fall outside of the government's mandate.  The statutes and regulations contain no indication, however, that the government is restricted to obtaining records of an individual suspected of fraud; it is sufficient that they be necessary to the government's carrying out of its duties.  Dr. Chase points to an exception contained in 45 C.F.R. § 164.512(d):

> Exception to health oversight activities. For the purpose of the disclosures permitted by paragraph (d)(1) of this section, a health oversight activity does not include an investigation or other activity in which the individual is the subject of the investigation or activity and such investigation or other activity does not arise out of and is not directly related to:
>
> (i) The receipt of health care;
>
> (ii) A claim for public benefits related to health; or
>
> (iii) Qualification for, or receipt of, public benefits or services when a patient's health is integral to the claim for public benefits or services.

3

45 C.F.R. § 164.512(d)(2).  Dr. Chase contends that this exception prohibits disclosure unless the individual whose records are sought is the subject of an investigation.  This is a misreading of the regulation, however.  A careful reading reveals that disclosure *is* permitted when the individual is not the subject of an investigation, as well as in some cases where the individual is being investigated.  Since there is no evidence that any of the defense witnesses is being investigated by the government, the exception has no applicability, and Section 164.512 permits disclosure.

For these reasons, the government did not act improperly in obtaining the records, and it is authorized to rely upon them in conducting its cross-examination of the defense witnesses.

The Court notes, however, that by probing into the witnesses' billing records, the government may cause increased pressure on the witnesses and affect their willingness to testify.  For this reason, if the government chooses to use the records in any significant way for impeachment purposes during cross-examination, that use would become relevant to the witnesses' testimony.  Defense counsel could then question the witnesses during redirect examination about the government's use of the records and the corresponding impact on the witnesses and their testimony.

The Court notes that thus far, the government's questioning

of Dr. Hunkeler and other witnesses has not made sufficient use of the records to permit this type of questioning by defense counsel.  Should the government choose to make significant use of the records, however, it would open the door to further inquiry on the topic during redirect examination.

In addition, should any of the witnesses refuse to answer questions concerning their billing records on Fifth Amendment grounds, the Court would not be obligated to strike their direct testimony.  The Second Circuit has upheld a refusal to strike when the cross-examination was on a collateral matter that bore solely on credibility, and there was otherwise unlimited opportunity for cross-examination.  United States v. Yip, 930 F.2d 142, 147 (2d Cir. 1991).

Accordingly, subject to the observations noted above, the Court concludes that the records were not improperly obtained, and the government may rely upon them during trial.

## CONCLUSION

For the foregoing reasons, Dr. Chase's motion to prohibit the government from using Medicare billing records is DENIED.

Dated at Burlington, Vermont this 30th day of November, 2005.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge