```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

UNITED STATES OF AMERICA         :
                                 :
        v.                       :     Criminal No. 2:04-cr-135-01
                                 :
DAVID S. CHASE, M.D.             :

### MEMORANDUM and ORDER

Defendant Dr. David Chase has moved for the admission of portions of prior testimony given by three prosecution witnesses as prior inconsistent statements under Fed. R. Evid. 801(d)(1)(A).  The motion is **granted.**

Prior inconsistent statements that meet the criteria of Rule 801(d)(1)(A) are admissible not only to impeach credibility, but as substantive evidence.  Fed. R. Evid. 801(d)(1)(A) advisory committee's note to subdivision (d).  Rule 801(d)(1)(A) requires that the declarant 1) testify at the trial or hearing; 2) be subject to cross-examination concerning the statement; 3) that the statement be inconsistent with the declarant's testimony; and 4) have been given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition.  Fed. R. Evid. 801(d)(1)(A).

The three portions of testimony satisfy Rule 801(d)(1)(A)'s requirements: all three witnesses have testified in this trial and were subject to cross-examination.  The statements diverge sufficiently from the witnesses' trial testimony to be considered inconsistent.  *See, e.g.*, *United States v. Matlock*, 109 F.3d

1313, 1319 (8th Cir. 1997) (inconsistency not limited to diametrically opposed answers, but may be found in evasion, inability to recall, silence, change of position).  The statements were given under oath.  One statement was made during grand jury proceedings.  One statement was given during an unrelated jury trial.  One statement was given in a deposition.  Trial testimony and deposition testimony are specifically covered by the rule.  Grand jury testimony is included as received in an "other proceeding."  *See*, *e.g.*, *United States v. Marchand*, 564 F.2d 983, 999 (2d Cir. 1977).  Accordingly, the prior inconsistent statements are admissible as substantive evidence under Fed. R. Evid. 801(d)(1)(A).

     Dated at Burlington, Vermont this 12th day of December, 2005.


                              /s/ William K. Sessions III
                              William K. Sessions III
                              Chief Judge