```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT
                                    :
UNITED STATES OF AMERICA            :
                                    :
     v.                             :       No. 2:04-CR-135
                                    :
DAVID S. CHASE, MD,                 :
     Defendant.                     :
                                    :
```

## MEMORANDUM AND ORDER

The Defendant, David S. Chase, MD, has filed a supplemental motion for a judgment of acquittal and/or dismissal with prejudice on certain counts (Doc. 150).  For the reasons stated below, the motion is DENIED.

## DISCUSSION

Dr. Chase is charged with making false statements and health care fraud in violation of 18 U.S.C. §§ 1035 and 1347.  The Indictment originally contained 80 substantive counts, but nine of those were voluntarily dismissed by the government.  After the close of the government's evidence, 46 additional counts were dismissed pursuant to the Court's Opinion and Order of November 21, 2005 (Doc. 139), in which it granted in part Dr. Chase's motion for a judgment of acquittal.  As a result, Dr. Chase is currently charged with 25 counts.  In the instant motion, he argues that based on the Court's reasoning in the November 21 Order, he is entitled to a judgment of acquittal on 10 of those remaining counts.

The government opposes Dr. Chase's motion on both procedural and substantive grounds.  It first argues that the motion is untimely because it was filed more than three weeks after the close of the government's evidence.  While Fed. R. Crim. P. 29 sets a strict time limit of seven days for postverdict motions for judgment of acquittal, however, it contains no comparable deadline for motions made after the close of the government's evidence.  Instead, Rule 29(a) merely provides that a motion may be filed "[a]fter the government closes its evidence or after the close of all the evidence[.]"  Accordingly, there is no ground for considering the instant motion to be untimely.

The government also argues that because the Court has already held that Dr. Chase was not entitled to a judgment of acquittal on the 10 counts at issue in the instant motion, that motion should be treated as a motion for reconsideration of the November 21 Order.  As such, the government argues, it "may not present new facts, issues or arguments not previously presented to the court."  United States v. Leaver, 358 F. Supp. 2d 273, 277 n.14 (S.D.N.Y. 2005).  There is no need for the Court to address this argument, however, because, as discussed below, even assuming that Dr. Chase is entitled to raise the arguments in his motion, those arguments fail on substantive grounds.

In the November 21 Order, the Court held that Dr. Chase was entitled to a judgment of acquittal on all counts involving

patients on whom Dr. Chase had never performed cataract surgery (the "non-surgical patients"). The Court reasoned that because Dr. Chase had never submitted claims for reimbursement of surgical procedures performed on the non-surgical patients, no health care benefit program had an opportunity to take those patients' allegedly falsified records into account in its decisionmaking process. Accordingly, the Court concluded, those records did not meet the materiality requirements of Sections 1035 and 1347.

The Court declined to issue a judgment of acquittal on the counts relating to patients on whom surgery had actually been performed (the "surgical patients"). Dr. Chase notes in the instant motion, however, that some of the surgical patients were offered surgery in both eyes but only underwent it in one. Ten of the 25 remaining counts, Dr. Chase points out, charge him with making false statements about eyes that were never operated on. He argues that under the Court's reasoning in the November 21 Order, he is entitled to a judgment of acquittal on those 10 counts because no reimbursement claims were ever made for procedures on the unoperated eyes, and hence the statements made in relation to those eyes cannot be considered material.

As the Court made clear in the November 21 Order, the reason that the statements in the charts of the non-surgical patients were not material was that there was no evidence that they had

ever been made available for review by a benefit program:

> Regardless of whether he made false statements in patient charts, those statements were not material under Sections 1035 or 1347 unless and until Dr. Chase took action that would make the charts available for review by a relevant decisionmaker, and there is no evidence that he took any such action with respect to the charts of the non-surgical patients.

Order at 16-17. The same is not true of the statements Dr. Chase now seeks to characterize as not material. The evidence has demonstrated that once Dr. Chase submitted a reimbursement claim for surgery on a given patient, that patient's entire chart, including any and all statements about the unoperated eye, became available for review by the patient's insurer. Because of the possibility that the insurer would take those statements into account during an audit or other review, a jury could find that Dr. Chase's statements about the unoperated eye were capable of influencing the insurer's decisionmaking process, and therefore that they were material. See Neder v. United States, 527 U.S. 1, 16 (1999) (holding that a statement is material if it has "a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed").

To be sure, if there were no evidence that statements regarding a patient's unoperated eye had any bearing on the medical necessity of surgery on the operated eye, Dr. Chase might have a compelling argument that materiality had not been

established.  There has been ample evidence, however, that in a given patient, cataracts often develop "symmetrically," that is, in both eyes at once.  For this reason, the absence of records indicating a cataract in an unoperated eye would serve as a warning flag to an auditor investigating the necessity of cataract surgery on the other eye.  By the same token, statements indicating the presence of a cataract in the unoperated eye would bolster the conclusion that the other eye had contained a similar cataract prior to surgery, and hence that surgery on the operated eye had been medically necessary.  Accordingly, there is sufficient evidence to permit a jury to conclude that the statements alleged in the 10 challenged counts were material.

## CONCLUSION

For the foregoing reasons, Dr. Chase's supplemental motion for a judgment of acquittal and/or dismissal with prejudice of Counts 8, 9, 11, 12, 18, 19, 23, 25, 27, and 28 is DENIED.

Dated at Burlington, Vermont this 13th day of December, 2005.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge